UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE PRICE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3241** |
| **NEW ORLEANS POLICE DEPARTMENT, ET AL.** | **SECTION "N" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e (c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

Price is an inmate currently housed in the Louisiana State Penitentiary in Angola, Louisiana.[1]
He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the New Orleans Police Department, Steven Keller, Warren Keller, John Barbetti, and a police dog.

Price alleges that on April 29, 2007, he was a victim of police brutality and racism. After leaving the Bull Dog Lounge, he walked on the Canal Boulevard side of the street for the bus. Price contends that while waiting for the bus, two white officers, Warren and Steven Keller, were

---

[1] Rec. Doc. No. 1.

intoxicated and asked him "crazy" questions such as "what your black ass doing around hear? [sic]"[2] They also asked him what was he looking at and Price responded nothing. He alleges that they came closer and then began punching him. After Price tried to defend himself, he started running. Subsequently, Officer John Barbetti arrived at the scene in an unmarked, Crown Victoria vehicle. He alleges that Barbetti was also drunk as he had just come out of the Bull Dog Lounge. Barbetti allegedly ran over Price with his car. Price contends that he was eventually handcuffed and pinned faced down. Price also contends that Barbetti lied about the events of the evening.

As a result of the actions of the officers, Price suffered a mild concussion, two black eyes, and a broken nose. He also alleges that he sustained injuries to his head, abrasions to his left knee and shoulder, and possibly a dog bite.

Price seeks a judgment of $500 million against the Police Department, $5 million dollars against each officer, and $20 million against the police dog.[3] He also seeks damages for the pain and suffering, and mental anguish he experienced as a result of this incident.

## II.     **The Petition is Malicious**

Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or

---

[2]Rec. Doc. No. 1, p. 3.

[3]The Court notes that the unnamed police dog was not included in the caption of Price's Complaint, nor was the dog included in the list of Defendants. Instead, Price merely included the police dog in the damages portion of his Complaint. To the extent that Price intended on naming the police dog as a Defendant in the instant suit, the Court notes that Section 1983 applies only to a "person" who acts under color of state law. *See* 1. U.S.C.§ 1 (defining the word 'person' to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs or other animals); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001)(plaintiff alleging excessive force at arrest cannot sue police dog as dog is not a proper defendant in § 1983 litigation); *Banks v. Hall,* 2010 WL 572879, at * 5 (D.N.H. Feb. 5, 2010); *Smith v. P.O. Canine Dogs Chas*, 2004 WL 2202564, at * 6-7 (S.D.N.Y. Sept. 28, 2005)(police dog is not a person under § 1983); *Fitzgerald v. McKenna*, 1996, WL 715531 at * 7 (S.D.N.Y. Dec. 11, 1996)(denying attempt to maintain § 1983 action against police dog because "animals lack capacity to be sued").

malicious. It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious. *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

The claims raised herein are identical to claims raised in another suit, *Price v. New Orleans Police Department, et al.*, Civ. Action 09-3868 "N"(4), which was filed on January 13, 2009, and was dismissed on February 25, 2011, as frivolous. In that complaint, Price named as defendants the New Orleans Police Department, Steven Keller, Warren Keller, and John Barbetti, the same Defendants in the instant action. He also seemingly attempted to bring a claim against the police dog. His claims against these Defendants in Civ. Action 09-3868"N"(4) are the exact same claims which are asserted in the instant complaint against the same defendants.

Because the claims in this action are duplicative of those raised in Price's previous civil action, this complaint is subject to dismissal as malicious under § 1915(e)(2)(B) and § 1915A.

## III.  Recommendation

Accordingly,

**IT IS RECOMMENDED** that Price's § 1983 complaint against the defendants, the New Orleans Police Department, Steven Keller, Warren Keller, and John Barbetti, be **DISMISSED WITHOUT PREJUDICE** as malicious under Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A because the claims herein are duplicative of claims raised in a previous federal civil rights litigation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana  this 17th day of March, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.